IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY MARTIN, # 19565-076                                              PETITIONER

VS.                                                    CIVIL ACTION NO. 5:12cv15-DCB-MTP

ARCHIE LONGLEY                                                           RESPONDENT

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the court *sua sponte* upon the Petitioner's failure to prosecute and to otherwise comply with certain orders of the court. Having considered the documents made a part of the record in this case and the applicable law, the court finds that this action should be dismissed without prejudice.

Petitioner filed the instant petition on January 24, 2012, pursuant to 28 U.S.C. § 2241. On February 1, 2013, this matter was reassigned to U.S. Magistrate Judge Michael T. Parker and the envelope containing the service copy to Petitioner was returned to the clerk as undeliverable, with the notations "Return to Sender, Attempted Not Known, Unable to Forward." *See* Order [9]; Returned Mail [10].

On February 22, 2013, the court entered an Order to Show Cause [11] directing Petitioner to file a written statement with the clerk of court on or before March 8, 2013, setting forth why this case should not be dismissed for failure to comply with the court's orders or, alternatively to confirm his present address or provide the clerk of court with his new address, in writing, on or before March 8, 2013. That deadline has passed and Petitioner has failed to respond to the Show Cause Order [11] or to notify the court of a change of address. Further, the Order to Show Cause was returned as undeliverable. *See* Returned Mail [12]. Petitioner has been warned on at least two occasions that his failure to advise the court of a change of address or to comply with the

court's orders could result in a dismissal of this matter without further notice. *See* Orders [2][4].

This action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b),[1] which grants the court discretionary authority to dismiss an action *sua sponte* for the Petitioner's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority); *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982). Petitioner has clearly failed to prosecute this case and to comply with the court's orders. Additionally, Petitioner has not filed any pleadings or otherwise inquired as to the status of his case since February 6, 2012. *See* Response [3]. From this it appears that Petitioner has lost interest in proceeding with this action and has abandoned it.

As the Petitioner has failed to prosecute his case and to comply with the court's orders, the court finds that this matter should be, and is hereby, DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

SO ORDERED AND ADJUDGED this the  13th  day of March, 2013.

                                              s/David Bramlette
                                              United States District Judge